United States Court of Appeals
Fifth Circuit

**F I L E D**

June 26, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-11216
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JEAN MARCEL TAPE, also known as Abdul Akapea,
also known as Didier Sorel, also known as
Denika Tape, also known as Jean Marcel Denika
Tape, also known as Marcel Tape, also known as
Jean Taradenika, also known as Harry Otte,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CR-167-1-L
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Jean Marcel Tape pleaded guilty pursuant to a plea agreement

to conspiring to present or offer false and fictitious

instruments disguised as United States Federal Reserve notes with

the intent to defraud, in violation of 18 U.S.C. §§ 371 and

514(a)(2).  At sentencing, the district court imposed a six-level

adjustment pursuant to U.S.S.G. § 2B1.1(b)(8)(C) based upon the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

use of "sophisticated means" in the offense and sentenced him to nine months' imprisonment, to be followed by a three-year term of supervised release. Tape specifically reserved his right to appeal the imposition of a sophisticated-means adjustment, and he presents it now before this court. The determination whether a defendant used "sophisticated means" to engage in fraud is a factual finding which this court reviews for clear error. See United States v. Clements, 73 F.3d 1330, 1340 (5th Cir. 1996).

Tape contends that the district court erred in imposing the sentencing adjustment because the evidence reflects that Tape did not personally engage in any sophisticated actions within the scheme and because he admitted that he did not understand the chemical processes used in the attempt to defraud the intended victim. Under U.S.S.G. § 1B1.3(a)(1)(B), a conspirator is responsible for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." Although Tape's coconspirator conducted the chemical processes used to change the "black money" and "white money" into United States currency, Tape could reasonably foresee the use of these actions, and his limited personal involvement does not affect the application of the sophisticated-means adjustment.

Tape also contends that the district court committed clear error in imposing the adjustment because the scheme was not as complex as the intricate financial transactions found to be "sophisticated" in other cases. Tape also notes that the scheme

was unsuccessful.  According to the evidence presented at sentencing, Secret Service chemists could not fully explain the chemical processes used in the plan.  Tape has not established that the use of chemical processes not easily understood by scientists constituted clear error.  Consequently, the judgment of the district court is AFFIRMED.